**In re AIR ONE, INC., Debtor.**

**Bankruptcy No. 84–01889(2).**
**Claim No. 1163.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Nov. 13, 1986.

Leslie A. Davis, Clayton, Mo., for debtor.

Alan R. Smith, Reno, Nev., for Raymond Gray.

Stuart Radloff, Clayton, Mo., for Creditors' Committee.

Steven G. Howell, Asher Rabinowitz, Detroit, Mich., for Interstate Airlines.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### FINDINGS OF FACT

(1) On or about August 18, 1985, claimant Raymond M. Gray filed a Proof of Claim No. 1163, claiming entitlement to $637,300.00 as a priority administrative expense ("Gray's claim").

(2) Gray's claim was allegedly founded in part on promissory notes, but neither said notes nor any other documentation was attached to Gray's claim.

(3) On or about August 18, 1985, Alan R. Smith filed with the Court a Request For Special Notice stating that:

"The undersigned, on behalf of RAYMOND M. GRAY, an interested party herein, requests of the Clerk of this Court that all notices to be sent to creditors or to committees of creditors or equity security holders be sent to an address as follows:

Smith & Corder
A Professional Corporation
505 Ridge Street
Reno, Nevada 89501  .

Attn: Alan R. Smith, Esq.
/s/ Smith & Corder
By: Alan R. Smith

(4) On September 22, 1986, Debtor objected to Gray's claim alleging that:

(1) The amount claimed is excessive.

(2) No proof of debt is attached to said claim.

(3) Said claim is not entitled to an administrative expense priority.

(4) Said claim is not a priority claim.

(5) No debt is owed by debtor to this claimant.

(5) On September 24, 1986, the Court served a copy of Debtor's objection on Smith and notified both Smith and Debtor that this matter would be heard on October 14, 1986.

(6) On October 6, 1986, the Court received a letter from Corder in which he contested the sufficiency of the process by which the objection to Gray's claim had been served.

(7) Neither Smith, Corder, nor Smith & Corder filed a formal motion to quash service of process on this matter.

(8) On October 14, 1986, the Court held a hearing on the matter at which time Debtor appeared by counsel, claimant did not appear, and evidence was adduced.

(9) In order to cover Debtor's operating expenses until August 19, 1985, on August 8, 1985, the Court authorized Debtor to borrow $100,000.00 from Gray as an administrative expense, subordinate, however, to all other expenses of administration.

(10) In order to cover Debtor's operating expenses from August 15, 1985 to September 24, 1985, Debtor moved on August 8, 1985 for authority to borrow $2,400,000.00 from Gray. In paragraph 7 of its motion,

Debtor admitted having borrowed $100,-000.00 from Gray previous to August 8, 1985.

(11) On August 19, 1985, the court authorized Debtor to borrow said $2,400,-000.00 as an administrative expense subordinate, however, to all other expenses of administration.

(12) At no time was Gray obligated to advance any of said $2,400,000.00 to Debtor.

(13) Between August 13, 1985 and August 19, 1985, Gray did advance an additional $270,500.00 to Debtor.

(14) Debtor owes Gray $370,500.00.

(15) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.

CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

(2) By reason of claimant's Request For Special Notice, and in view of claimant's not having formally moved to quash service of process, Debtor's objection to Gray's claim was and is properly before this Court.

(3) Debtor owes Gray $370,500.00.

(4) Said debt is entitled to priority as an administrative expense, but is subordinate to any and all other expenses of administration in this case.

(5) An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

(6) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.